UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEARNS & ASSOCIATES CO., ET AL

CIVIL ACTION

VERSUS

NUMBER 10-439-SCR

RICKY S. CARTER, ET AL


**RULING ON CARTER PARTIES' SECOND MOTION TO ENFORCE STIPULATED SETTLEMENT AND MOTION TO SUBMIT JUDGMENT**

Before the court is the Carter Parties' Second Motion to Enforce Stipulated Settlement and Motion to Submit Judgment in Accordance with Stipulated Settlement, filed by defendants Ricky S. Carter and Ricky Carter & Associates, Inc., and S & P Specialties Company, LLC, counter-claim plaintiff (hereafter, collectively the "Carter Parties"). A response was filed by plaintiffs Kearns & Associates Company d/b/a Steam & Process Repairs and S & P Specialties Company, LLC.[1]

It is unnecessary to set forth in detail the parties' arguments and exhibits related to this motion. It is sufficient to state the following. On the fifth day of trial, the trial was terminated before the case was submitted to the jury based on the parties' statements that a settlement was reached. The parties then recited for the record the general terms of the settlement. These terms are reflected in the transcript of the proceedings on

---

[1] Record document number 160. The Carter Parties filed a reply memorandum. Record document number 163.

August 17, 2012.[2]  Nevertheless, as explained in the Ruling on Motions to Enforce Settlement the settlement agreement recited for the record did not contain all of the provisions of the employment agreement, specifically the language/terms of the non-competition portion of the anticipated employment agreement.[3]

It is apparent that since the trial ended and the ruling issued on the previous motions to enforce settlement agreement the parties' negotiations toward reaching an agreement over the specific language of this provision have failed.  Furthermore, information contained in the present motion and the Notice of Removal along with the Verified Petition for Damages Specific Performance, and Injunctive Relief filed by the plaintiffs in state court on April 26, 2013,[4] clearly demonstrate that the parties have not reached a final settlement.  The record shows that on March 12, 2013 defendant Ricky Carter sent a letter stating he was resigning from his employment with S & P Specialties Company, LLC effective March 31, 2013.  The first reason given for his resignation was Carter's belief that the plaintiffs intentionally frustrated his efforts to document the terms of the settlement by refusing to

---

[2] Record document number 148-2, Transcript of Settlement.

[3] Record document number 156, ruling; record document numbers 148 and 149, motions.

[4] Record document number 159-10, Exhibit 8, Verified Petition for Damages Specific Performance, and Injunctive Relief; also Civil Action Number 13-322-JJB-SCR, record document number 1-2, Notice of Removal, Exhibit A.

agree and sign a settlement agreement containing a non-competition provision that he believes complies with Louisiana law.[5] The state court suit filed by the plaintiffs and removed by the Carter Parties alleges a claim for breach of contract based on Carter's failure to perform his obligations under the settlement agreement. The alleged facts supporting this claim are that Carter resigned his employment and refused to sign an employment agreement with a non-competition provision that the plaintiffs proposed on March 22, 2013.[6]

Under Louisiana law a compromise or agreement to settle a lawsuit is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. The purpose of the law governing compromises is to insure proper proof of extra-judicial agreements. Under Louisiana law such a compromise must be made in writing and signed by both parties in order to be valid. The alternative is for the compromise to be recited in open court, in which case the recitation must be susceptible of being transcribed from the record of the proceedings.[7] Furthermore,

---

[5] Record document number 159-5, Exhibit 3.

[6] Record document number 159-10, Exhibit 8, Verified Petition for Damages, Specific Performance and Injunctive Relief, ¶¶ 15-19.

[7] Louisiana Civil Code Articles 3071 and 3072; *Troxclair v. Parish of St. Charles*, 450 So.2d 759, 760 (La.App. 5 Cir. 1984); *Preston Law Firm, LLC v. Mariner Health Care Management Co.*, 622
(continued...)

recital of such agreements in open court must make full disclosure of the terms so that all parties concerned are fully advised and informed of their rights and obligations.[8]  A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached.[9]

    Based on these legal principles, the record establishes that the parties have not still reached a final, valid and enforceable settlement of this litigation.  It is evident from the settlement transcript that the parties' initially,  and at all subsequent times, intended that the specific terms of their final settlement, which included Carter's employment contract, would be embodied in a written document signed by the parties.  That written, signed settlement agreement would be referenced in an judgment agreed to by the parties and signed by the court.  The judgment would also specify that the court retained jurisdiction to enforce the judgment.[10]  It is undisputed that since the trial was terminated on August 17, 2012 none of these things have occurred.  Thus, the

---

    [7](...continued)
F.3d 384 (5th Cir. 2010).

    [8] *Troxclair*, 450 So.2d at 761; *Walton v. Walton*, 597 So.2d 479, 484 (La.App. Cir. 1992).

    [9] *Abadie v. Metropolitan Life Insurance Company*, 712 So.2d 932, 934 (La.App. 5 Cir. 1998).

    [10] This is evident from the transcript (Tr. pp. 10-15, 19, 24) and the draft documents submitted by the parties in connection with this motion and the earlier motions to enforce.

requirements for a valid compromise under the first part of Article 3071 have not been met.

Nor did the parties' recital of the terms of the settlement agreement in open court give rise to a valid settlement agreement. The agreement recited for the record did not fully disclose the terms of the agreement such that the parties were aware of all of their rights and obligations. This is clear from the transcript and the record in this case since the trial ended. When the agreement was summarized in court, all of the terms and provisions of the employment contract and non-competition provision were not recited for the record. Specifically, neither the parties nor their counsel stated the parishes, municipalities or parts of them that would be included in the non-competition provision of the employment contract. Since then the parties have been unable to provide a signed settlement agreement and judgment to the court, because there has been no meeting of the minds on this material portion of the settlement. Therefore, the alternative method for the parties to establish a valid compromise - recitation of the terms in open court - also fails because full disclosure and a meeting of the minds is lacking on a critical part of the settlement.

## Conclusion

In summary, the court cannot grant any of the relief requested in the Carter Parties' motion. It is apparent that this case is

not settled and the merits of the parties' claims remain unresolved.

It is truly disappointing that after a nearly week long jury trial, and their despite their subsequent efforts, the parties have been unable to confect a valid and binding settlement agreement. However, the court does not have the inherent power to simply impose a non-competition provision to complete the settlement, and the parties have not given the court the authority to do so either. Since the parties' claims have not been resolved, and there is no binding, enforceable settlement, the parties will be required to show cause why the court should not declare a mistrial and set a new trial date. A separate order setting a date for a show cause hearing will be issued.

Accordingly, the Carter Parties' Second Motion to Enforce Stipulated Settlement and Motion to Submit Judgment in Accordance with Stipulated Settlement filed by defendants Ricky S. Carter and Ricky Carter & Associates, Inc., and S & P Specialties Company, LLC, counter-claim plaintiff, is denied.

Baton Rouge, Louisiana, January 17, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE